UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>GETCHELL DEVELOPMENT CO.<br><br>Debtor | Case No. 21-30526-JCW<br>Chapter 7 |

TRUSTEE'S APPLICATION FOR AUTHORITY TO EXECUTE
AND ENTER INTO EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT

NOW COMES the Trustee, A. Burton Shuford, by and through his undersigned attorney, and respectfully shows unto the Court the following:

1. Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code with the Bankruptcy Court for the Western District of North Carolina on September 17, 2021 creating a Chapter 7 bankruptcy estate (the "**Estate**") and A. Burton Shuford was appointed trustee in said Chapter 7 case.

2. Among the assets of the Estate is a parcel of real estate known as 12021 Platon Avenue, Huntersville, NC (the "**Property**").

3. In order to assist the Trustee in the sale of the Property the Trustee contacted Brian T. Bain of Keller Williams Realty ("**Keller**").

4. The Trustee believes it would be in the best interest of the Estate and its creditors for the Trustee to enter into an Exclusive Right to Sell Listing Agreement with Keller in regard to the Property, said agreement to expire on May 15, 2022 (the "**Agreement**"). A copy of the Agreement is attached hereto as EXHIBIT A and incorporated herein by reference. The Agreement provides that the Property would be listed in Multiple Listing and further that Keller will be paid a commission of Ten (10%) percent of the gross sales price of the Property. The Agreement further provides that the listing price for the Property will be $25,000.00. The Trustee reserves the right to change the listing price, in consultation with the real estate agent named herein, should market conditions so require.

5. The Agreement provides that Keller will be a dual agent such that other agents employed by Keller may represent potential buyers of the Property. However, the Agreement further provides that Keller is authorized to designate an individual agent to solely and exclusively represent the interests of the Trustee and the Estate. The designated agent will be Brian T. Bain.

6. The Trustee recommends that the court approve the Agreement as set forth above on the terms set out above, with all commissions, as are all other fees and expenses, to be subject to final approval of the Bankruptcy Court, in connection with approval of a sale of the Property.

WHEREFORE, the Trustee prays that the Court enter an order approving the Exclusive Right to Sell Listing Agreement for the real estate located at 12021 Platon Avenue, Huntersville, NC with all final commissions and fees to be reviewed and approved in conjunction with an Application seeking approval of a sale of the Property.

This 23rd day of November, 2021.

/s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
4700 Lebanon Road, Suite A-2
Mint Hill, NC  28227
Direct Dial:  (980) 321-7000; bshuford@abshuford.com
Attorney for the Trustee

**EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT (VACANT LOT/LAND)**
[Consult "Guidelines" (Form 103G) for guidance in completing this form]

This EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT ("Agreement") is entered into between <u>A Burton Shuford, Trustee</u> as Seller(s) ("Seller") of the property described below (the "Property"), and <u>Keller Williams Realty University</u> as Listing Firm ("Firm"). The individual agent who signs this Agreement on behalf of the Firm shall, on behalf of the Firm, be primarily responsible for ensuring that the Firm's duties hereunder are fulfilled; however, it is understood and agreed that other agents of the Firm may be assigned to fulfill such duties if deemed appropriate by the Firm. For purposes of this Agreement, the term "Firm," as the context may require, shall be deemed to include the individual agent who signs this Agreement and any other agents of the Firm.

> **NOTE:** If the Property was most recently owned by a person who is now deceased, the tax listing or last recorded deed to the Property may not accurately identify the party(ies) who should be named as Seller. In such a case, the deceased owner's will, or applicable North Carolina law if the deceased owner died without a will, will determine the correct party(ies) to sign this Agreement. Advice from an NC attorney should be obtained concerning the proper party(ies) prior to completing this Agreement.
>
> If the owner of the Property is a corporation, limited liability company, trust or other legal entity, the entity should be named as Seller and a duly authorized officer, manager, trustee or other legal representative of the entity should sign this Agreement on the entity's behalf.
>
> A non-owner spouse should be named as Seller because he or she will be required in most cases to sign the deed to release certain marital rights in the Property. If a married owner has signed and recorded a pre-nuptial agreement, post-nuptial agreement, or a free trader agreement, consult an NC attorney to determine whether the non-owner spouse will be required to sign the deed.

**Seller represents that as of the Effective Date the Seller is not (or will not be, if the Property is currently listed) a party to a listing agreement with any other real estate firm regarding the Property. Seller also represents that Seller has received a copy of the "WORKING WITH REAL ESTATE AGENTS" disclosure and has reviewed it with Firm.**

1. **TERM OF AGREEMENT**.
    (a) **Term:** The term of this Agreement ("Term") shall begin on its Effective Date and shall end at 11:59 p.m. on its Expiration Date.
    (b) **Effective Date**. This Agreement shall become effective and the Seller and Firm's respective rights and obligations under this Agreement shall commence ("Effective Date") as follows (c*heck appropriate box*):
    ☒ The Effective Date shall be the date that this Agreement has been signed by both Seller and Firm
    ☐ The Property is currently listed for sale exclusively with another real estate firm. Seller represents that the current listing agreement expires on _____. The Effective Date of this Agreement shall commence immediately upon the expiration of the current listing agreement. (**NOTE**: According to Article 16 of the REALTORS® Code of Ethics: *"REALTORS® shall not engage in any practice or take any action inconsistent with exclusive representation or exclusive brokerage relationship agreements that other REALTORS® have with clients."*)
    (c) **Expiration Date**. This Agreement shall terminate at 11:59pm on <u>May 15, 2022</u> ("Expiration Date").

2. **PROPERTY.** The Property that is the subject of this Agreement shall include all that real estate described below together with all appurtenances thereto.
Street Address: <u>12021 Platon Ave</u>
City: <u>Huntersville</u>　　　　　　　　　　　　　　　　　　　　Zip <u>28078</u>
County: <u>Mecklenburg County</u>, North Carolina

**NOTE**: Governmental authority over taxes, zoning, school districts, utilities and mail delivery may differ from address shown. Legal Description: (Complete *ALL* applicable)
- Plat Reference: Lot/Unit <u>38</u>, Block/Section <u>A</u>, Subdivision/Condominium <u>Norman Park</u> _____, as shown on Plat Book/Slide _____ at Page(s) _____
- The PIN/PID or other identification number of the Property is: <u>015-151-40</u>
- Other description: <u>L38 BA M10-321</u>
  Some or all of the Property may be described in Deed Book <u>36179</u> at Page <u>147</u>



Page 1 of 10

**STANDARD FORM 103**
**Revised 7/2021**
**© 7/2021**



Individual agent initials _____    Sellers initials _____ _____

3. **LISTING PRICE.** Seller lists the Property at a price of $ 25,000.00 _____ on the following terms:
☒ Cash ☐ FHA ☐ VA ☐ USDA ☒ Conventional ☐ Loan Assumption ☐ Seller Financing ☐ Other _____.
Seller agrees to sell the Property for the Listing Price or for any other price or on any other terms acceptable to Seller.

4. **FIRM'S COMPENSATION**.
   (a) **Fee**. Seller agrees to pay Firm a total fee of 10 _____ % of the gross sales price of the Property, OR as approved by the Bankruptcy Court _____("Fee"), which shall include the amount of any compensation paid by Firm as set forth in paragraph 5 below to any other real estate firm, including individual agents and sole proprietors ("Cooperating Real Estate Firm").
   (b) **Fee Earned**. The Fee shall be deemed earned under any of the following circumstances:
      (i)  If a ready, willing and able buyer is procured by Firm, a Cooperating Real Estate Firm, the Seller, or anyone else during the Term of this Agreement at the price and on the terms set forth herein, or at any price and upon any terms acceptable to the Seller;
      (ii) If the Property is sold, optioned, exchanged, conveyed or transferred, or the Seller agrees, during the Term of this Agreement or any renewal hereof, to sell, option, exchange, convey or transfer the Property at any price and upon any terms whatsoever; or
      (iii) If the circumstances set out in (i) or (ii) above have not occurred, and if, within 120 _____ days after the Expiration Date (the "Protection Period"), Seller either directly or indirectly sells, options, exchanges, conveys or transfers, or agrees to sell, option, exchange, convey or transfer the Property upon any terms whatsoever, to any person with whom Seller, Firm, or any Cooperating Real Estate Firm communicated regarding the Property during the Term of this Agreement or any renewal hereof, provided the names of such persons are delivered or postmarked to the Seller within 15 days after the Expiration Date. HOWEVER, Seller shall NOT be obligated to pay the Fee if a valid listing agreement is entered into between Seller and another real estate broker and the Property is subsequently sold, optioned, exchanged, conveyed or transferred during the Protection Period.
   (c) **Fee Due and Payable.** Once earned as set forth above, the Fee will be due and payable at the earlier of:
      (i)  Distribution of proceeds from sale of the Property by the closing attorney;
      (ii) The Seller's failure to sell the Property (including but not limited to the Seller's refusal to sign an offer to purchase the Property at the price and terms stated herein or on other terms acceptable to the Seller, the Seller's default on an executed sales contract for the Property, or the Seller's agreement with a buyer to unreasonably modify or cancel an executed sales contract for the Property); or
      (iii) Seller's breach of this Agreement.
   (d) **Transfer of Interest in Business Entity.** If Seller is a partnership, corporation or other business entity, and an interest in the partnership, corporation or other business entity is transferred, whether by merger, outright purchase or otherwise, in lieu of a sale of the Property, and applicable law does not prohibit the payment of a fee or commission in connection with such sale or transfer, the Fee shall be calculated on the fair market value of the Property, rather than the gross sales price, multiplied by the percentage of interest so transferred, and shall be paid by Seller at the time of the transfer.
   (e) **Additional Compensation.** If additional compensation, incentive, bonus, rebate and/or other valuable consideration ("Additional Compensation") is offered to the Firm from any other party or person in connection with a sale of the Property, Seller will permit Firm to receive it in addition to the Fee. Firm shall timely disclose the promise or expectation of receiving any such Additional Compensation and confirm the disclosure in writing before Seller makes or accepts an offer to sell. (**NOTE**: NCAR Form #770 may be used to confirm the disclosure of any such Additional Compensation)
   (f) **Attorney Fees and Costs.** If Firm is the prevailing party in any legal proceeding brought by Firm against Seller to recover any or all of the Fee, Firm shall be entitled to recover from Seller reasonable attorney fees and court costs incurred by Firm in connection with the proceeding. Only after the same are awarded by the US Bankruptcy Court.

5. **COOPERATION WITH/COMPENSATION TO OTHER FIRMS.** Firm has advised Seller of Firm's company policies regarding cooperation and the amount(s) of any compensation that will be offered to other brokers, including but not limited to, seller subagents, buyer agents or both, brokers who do or do not participate in a listing service and brokers who are or are not REALTORS®. Seller authorizes Firm to (*Check ALL applicable authorizations*):
   ☐ Cooperate with subagents representing the Seller and offer them the following compensation:_____% of the gross sales price or $_____; and/or,
   ☒ Cooperate with buyer agents representing the buyer and offer them the following compensation: 5_____ % of the gross sales price or $_____; and/or,
   ☐ Cooperate with and compensate other Cooperating Real Estate Firms according to the Firm's attached policy.

Firm will promptly notify Seller if compensation offered to a Cooperating Real Estate Firm is different from that set forth above. Agents with Cooperating Real Estate Firms must orally disclose the nature of their relationship with a buyer (subagent or buyer agent) to Firm at the time of initial contact with Firm, and confirm that relationship in writing no later than the time an offer to purchase is submitted for the Seller's consideration. Seller should be careful about disclosing confidential information because agents representing buyers must disclose all relevant information to their clients.

6. **FIRM'S DUTIES**.

> **NOTE:** In accordance with the REALTORS® Code of Ethics, Firm shall, with Seller's approval, in response to inquiries from buyers or Cooperating Real Estate Firms, disclose the existence of offers on the Property. Where Seller authorizes disclosure, Firm shall also disclose whether offers were obtained by the individual agent who signs this Agreement, another agent of the Firm, or by a Cooperating Real Estate Firm.

   **(a) Best efforts to find buyer.** Firm agrees to provide Seller the benefit of Firm's knowledge, experience and advice in the marketing and sale of the Property. Seller understands that Firm makes no representation or guarantee as to the sale of the Property, but Firm agrees to use its best efforts in good faith to find a buyer who is ready, willing and able to purchase the property.

   **(b) Disclosure of material terms of offer.** Seller acknowledges that real estate brokers are prohibited by N.C. Real Estate Commission rule from disclosing the price or other material terms contained in a party's offer to purchase, sell, lease, rent or option real property to a competing party without the express authority of the party making the offer.

   **(c) Disclosure of material facts.** Seller acknowledges that Firm is required by law to disclose to potential purchasers of the Property all material facts pertaining to the Property about which the Firm knows or reasonably should know, and that REALTORS® have an ethical responsibility to treat all parties to the transaction honestly.

   **(d) Other professional services.** Seller further acknowledges that Firm is being retained solely as a real estate professional, and understands that other professional service providers are available to render advice or services to Seller, including but not limited to an attorney, insurance agent, tax advisor, surveyor, structural engineer, home inspector, environmental consultant, architect, or contractor. Although Firm may provide Seller the names of providers who claim to perform such services, Seller understands that Firm cannot guarantee the quality of service or level of expertise of any such provider. Seller agrees to pay the full amount due for all services directly to the service provider whether or not the transaction closes. Seller also agrees to indemnify and hold Firm harmless from and against any and all liability, claim, loss, damage, suit, or expense that Firm may incur either as a result of Seller's selection and use of any such provider or Seller's election not to have one or more of such services performed.

   **(e) Providing agreement to listing service.** Seller acknowledges that the rules of any listing service of which Firm is a member or in which any of Firm's agents participate may obligate Firm to provide a copy of this Agreement to any such listing service at its request, and Seller consents to Firm providing a copy of this Agreement in the event of any such request.
   `Only after the same is awarded by the US Bankruptcy Court.`

**THE AGENT (FIRM) SHALL CONDUCT ALL BROKERAGE ACTIVITIES IN REGARD TO THIS AGREEMENT WITHOUT RESPECT TO THE RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, HANDICAP OR FAMILIAL STATUS OF ANY PARTY OR PROSPECTIVE PARTY. FURTHER, REALTORS® HAVE AN ETHICAL DUTY TO CONDUCT SUCH ACTIVITIES WITHOUT RESPECT TO THE SEXUAL ORIENTATION OR GENDER IDENTITY OF ANY PARTY OR PROSPECTIVE PARTY.**

> **WARNING:** Buyer Letters to Seller. To entice a seller to choose their offer, some buyers write personal letters to sellers expressing why they wish to purchase the seller's property. Such letters often contain personal information and reveal characteristics of the buyer which could be used, knowingly or through unconscious bias, as a basis for the seller's decision to accept or reject an offer that may violate State and Federal Fair Housing laws, or used to form the basis for a claim that the seller, and possibly the seller's agent, have violated Fair Housing laws. In order to avoid potential liability for unlawful discrimination as well as the appearance of impropriety, Seller should discuss with Firm how any such letters that may be submitted will be handled.

_____   _____ *(initial)* Seller acknowledges that Seller has been made aware of each Firm duty described above in this paragraph.

7. **MARKETING.**

   **(a) Commencement of Marketing**. The Firm is authorized to commence marketing the Property as described below on _____("Marketing Date"). Firm is obligated to present to Seller any offers on the Property that may be submitted to Firm prior to the Delayed Marketing Date.

> **NOTE:** IT IS IN THE BEST INTEREST OF MOST SELLERS TO GET THE HIGHEST POSSIBLE PRICE ON THE BEST TERMS FOR THEIR PROPERTY, AND MAXIMIZING EXPOSURE OF THEIR PROPERTY ADVANCES THAT INTEREST. ACCEPTING AN OFFER ON THE PROPERTY BEFORE IT IS FULLY EXPOSED TO THE WIDEST GROUP OF POTENTIAL BUYERS MAY DENY SELLER THE BEST OPPORTUNITY TO ATTRACT OFFERS AT THE HIGHEST PRICE AND BEST TERMS.

(b) **Marketing Authorization.** *(Initial "Public Marketing" OR "Office Exclusive" but NOT both):*

_____**Public Marketing**

Firm shall submit pertinent information concerning the Property to any listing service of which Firm is a member, or in which any of Firm's agents participate, in accordance with the rules of any such listing service. Seller authorizes Firm (i) to furnish to the listing service notice of all changes of information concerning the Property authorized in writing by Seller, (ii) upon execution of a sales contract for the Property, to notify the listing service of the pending sale and the expiration date of any due diligence period, and (iii) upon closing of the sale, to disseminate sales information, including sales price, to the listing service, appraisers and real estate brokers.

Seller authorizes Firm as follows (*Check ALL applicable sections)*:
- ❑ **"Coming Soon" Advertising.** To market the Property as "Coming Soon," commencing on the Effective Date, in any media Firm may in its discretion select, provided that any "Coming Soon" advertising shall be conducted in accordance with any restrictions and requirements of any listing service in which the Property will be included, a copy of which ❑ are ❑ are not attached to this Agreement. The status of the listing shall be changed to "active" on _____.
- ☒ **Signs.** To place "For Sale," "Under Contract," "Sale Pending," or other similar signs on the Property (where permitted by law and relevant covenants) and to remove other such signs.
- ❑ **Open Houses.** To conduct open houses of the Property at such times as Seller and Firm may subsequently agree.
- ☒ **Advertising Other Than On The Internet.** To advertise the Property in non-Internet media, and to permit other firms to advertise the Property in non-Internet media to the extent and in such manner as Firm may decide.
- ☒ **Internet Advertising.** To display information about the Property on the Internet either directly or through a program of any listing service of which the Firm is a member or in which any of Firm's agents participate. Seller further authorizes other firms who belong to any listing service of which the Firm is a member or in which any of Firm's agents participate to display information about the Property on the Internet in accordance with the listing service rules and regulations, and also authorizes any listing service of which the Firm is a member or in which any of Firm's agents participate to use, license or sell to others information about the Property entered into the listing service. Seller specifically authorizes the display of the address of the Property, automated estimates of the market value of the Property and third-party comments about the Property. If seller desires to limit or prohibit Internet advertising as set forth above, seller must complete an opt-out form in accordance with listing service rules.

> **NOTE:** NCAR Form #105 may be used to limit or prohibit Internet advertising and explains how such limitations may or may not be effective.

_____**Office Exclusive**

Seller withholds consent for the listing to be publicly marketed, including social media, and disseminated to other participants of any listing service of which Firm is a member, or in which any of Firm's agents participate. Seller understands and acknowledges that: (i) the rules of any such listing service may require that the listing be filed with the listing service or that the listing service be notified of the listing, but that the listing will not be disseminated to the listing service's participants, and (ii) the listing service may require Firm to provide a certification signed by Seller that the listing shall not be disseminated by the listing service.

Firm is prohibited from marketing the Property publicly, including any of the methods listed in paragraph 10(b) above. If, at a later date, the Property shall be marketed publicly, this agreement must be amended accordingly. NCR Standard Form 710 may be used for such purpose.

> **NOTE:** THE LISTING MUST BE SUBMITTED TO THE LISTING SERVICE AND DISSEMINATED TO ITS PARTICIPANTS WITHIN ONE (1) BUSINESS DAY OF ANY PUBLIC MARKETING OF THE PROPERTY IF REQUIRED BY LISTING SERVICE RULES. PUBLIC MARKETING INCLUDES, BUT IS NOT LIMITED TO, FLYERS DISPLAYED IN WINDOWS, YARD SIGNS, DIGITAL MARKETING ON PUBLIC FACING WEBSITES, BROKERAGE WEBSITE DISPLAYS (INCLUDING IDX AND VOW), DIGITAL COMMUNICATIONS MARKETING (EMAIL BLASTS), MULTI-BROKERAGE LISTING SHARING NETWORKS, AND APPLICATIONS AVAILABLE TO THE GENERAL PUBLIC.

(c) **Lock/Key Boxes.** The Seller ☒ does ❑ does not authorize Firm to place lock/key boxes on the Property.

(d) **Seller Acknowledgement.** Seller acknowledges and understands that while the marketing services selected above will facilitate the showing and sale of the Property, there are risks associated with allowing access to and disseminating information about the Property that are not within the reasonable control of the Firm, including but not limited to:

    (i) unauthorized use of a lock/key box,
    (ii) control of visitors during or after a showing or an open house, including the taking and use of photographs and videos of the Property,
    (iii) inappropriate use of information about the Property placed on the Internet or furnished to any listing service in which the Firm participates, and
    (iv) information about the Property placed on the Internet by or through any listing service in which the Firm participates which is inaccurate or dated, or information about the Property which may remain on the Internet following the Expiration Date, including but not limited to photographs.

Seller acknowledges and understands that neither Firm nor its agents have control over information about the Property that has been placed on the Internet in connection with the marketing of the Property, whether by or through a listing service or otherwise, including but not limited to photographs, and that any such information will not be removed.

Seller agrees that Seller is solely responsible for securing all Seller valuables (cash, jewelry, firearms, etc.), medications, tools, and other items of personal property during the Term of this Agreement.

Seller therefore agrees to release and discharge Firm and Firm's agents from any and all claims, demands, rights and causes of action of whatsoever kind and nature not caused by Firm's negligence arising directly or indirectly out of any such marketing services.

> **WARNING:** IT MAY BE A CRIME UNDER FEDERAL AND STATE LAWS TO LISTEN TO OR RECORD AN ORAL COMMUNICATION THROUGH THE USE OF ANY ELECTRONIC, MECHANICAL, OR OTHER DEVICE WITHOUT THE CONSENT OF A PARTY TO THAT COMMUNICATION. If there is a video/audio/surveillance device(s) on the Property, Seller is advised: (i) that no audio surveillance device may be turned on during any showings, open houses, investigations, examinations or inspections of the Property; and (ii) that the placement of any video surveillance device should not violate a visitor's reasonable expectation of privacy.

8. **EARNEST MONEY.** Firm ☐ does ☒ does not maintain a trust account to hold earnest money deposits. Any initial and additional earnest money deposits and any other earnest monies paid in connection with any transaction shall be held by an escrow agent named in the sales contract until the consummation or termination of the transaction. Any earnest money forfeited by reason of the buyer's default under a sales contract shall be divided equally between the Firm and Seller. In no event shall the sum paid to the Firm because of a buyer's default be in excess of the fee that would have been due if the sale had closed as contemplated in the sales contract. In accordance with NC General Statutes Section 93A-12, if a dispute regarding the return or forfeiture of any earnest money deposit arises between Seller and the buyer, the escrow agent holding the deposit may deposit the disputed monies with the appropriate Clerk of Court following written notice to the parties. In the event of any such dispute, Seller directs Firm to disclose Seller's last known mailing address to the escrow agent upon request to enable the escrow agent to comply with the notice requirement of such law.

9. **SELLER REPRESENTATIONS**.
    **(a) Ownership**. Seller:
        ☐ has owned the Property for at least one year;
        ☒ has owned the Property for less than one year `as Trustee`
        ☐ does not yet own the Property

If Seller does not yet own the Property, Seller agrees to promptly provide Firm information pertaining to Seller's acquisition of the Property, such as a copy of a sales contract or option for the Property, and to keep Firm timely informed of all developments pertaining to Seller's acquisition of the Property.
    **(b) Bankruptcy**. Seller:
        (1) ☒ is ☐ is not under bankruptcy protection under United States law.
        (2) ☐ is ☐ is not contemplating seeking bankruptcy protection during the term of this Agreement.
    **(c) Access**. The Property has legal access to a public right of way. If access is by private road/easement/other, there ☐ is ☐ is not an agreement regarding the maintenance of such private road/easement/other means of access. If applicable, Seller agrees to promptly provide Firm information pertaining to any such agreement.
    **(d) Manufactured (Mobile) Home**. (Complete ONLY if there is a manufactured (mobile) home(s) on the Property that Seller intends to include as a part of the sale of the Property): VIN(s): _____ or ☐ VIN(s) unknown. Other description (*year, model, etc.*): _____
    **(e) Owners' Association**. (Complete ONLY if the Property is subject to regulation and/or assessment by an owners' association):
        (i) The name, address and telephone number of the president of the owners' association or the association manager is:
_____
_____

Owners' association website address, if any: _____

The name, address and telephone number of the president of the owners' association or the association manager is: _____
_____

Owners' association website address, if any: _____

**(f) Receipt of Sample Forms**.
☒ Seller acknowledges receipt of a sample copy of an Offer to Purchase And Contract – Vacant Lot/Land (form 12-T) or Offer to Purchase and Contract—New Construction (form 800-T), as may be appropriate for review purposes.
☒ Seller acknowledges receipt of a sample copy of a Professional Services Disclosure and Election form (form #760) for review purposes.

Each of the following representations is made *to the best of Seller's knowledge*:

**(g) Flood Hazard Disclosure/Insurance.** The Property ☐ is ☒ is not located partly or entirely within a designated Special Flood Hazard Area. The Seller ☐ does ☒ does not currently maintain flood hazard insurance on the Property.

**(h) Current Liens.**
(1) The Property ☐ is ☐ is not encumbered by a deed of trust or mortgage. *Complete any of the following where applicable:*
   (i) There is a first deed of trust or mortgage on the Property securing a loan held by:
   Lender Name: _____
   Approximate balance: $_____ Lender Phone#: _____
   Lender Address: _____
   (ii) There is a second deed of trust or mortgage on the Property securing a loan held by:
   Lender Name: _____
   Approximate balance: $_____ Lender Phone#: _____
   Lender Address: _____
   (iii) There is a deed of trust or mortgage on the Property securing an equity line of credit held by:
   Lender Name: _____
   Approximate balance: $_____ Lender Phone#: _____
   Lender Address: _____

(2) Seller is current on all payments for the loans identified in numbered items (i), (ii) and (iii) above except as specified in (7) below.

(3) Seller is not in default on any loan identified in numbered items (i), (ii) and (iii) above and has not received any notice(s) from the holder of any loan identified in numbered items (i), (ii) and (iii) above or from any other lien holder of any kind, regarding a default under the loan, threatened foreclosure, notice of foreclosure, or the filing of foreclosure except as specified in (7) below.

(4) There are not any liens secured against the Property for Federal, State or local income taxes, unpaid real property taxes, unpaid condominium or homeowners' association fees, mechanics', laborers' or materialmen's liens, or other liens affecting the Property, and Seller has no knowledge of any matter that might result in a lien affecting the Property except as specified in (7) below.

(5) There are not any judgments against Seller affecting the Property, and Seller has no knowledge of any matter that might result in a judgment that may potentially affect the Property except as specified in (7) below.

(6) There are not any Uniform Commercial Code (UCC) fixture filings affecting the Property, and Seller has no knowledge of any matter that might result in a UCC fixture filing affecting the Property except as specified in (7) below.

(7) Specify any information, including approximate balances, required by Seller representations (2) through (6) above:
Trustee makes no representations as to the amounts owed against the property with respect to any deeds of trust, tax liens, judgments, or the like.

**NOTE:** Outstanding liens may affect Seller's net proceeds.

**(i) Lease(s).** The Property ☐ is ☒ is not subject to any lease(s). If applicable:
   (i) Seller agrees to promptly provide Firm a copy of any such lease(s) or a written statement of the terms of any oral lease(s);
   (ii) If the Property is managed by someone other than Seller, the manager's name and contact information is as follows:_____.
Seller authorizes any such manager to release and disclose to Firm any relevant information about any leases(s) and to cooperate with Firm in the sale of the Property.

**(j) Special Assessments**. There are no Special Assessments (as defined in the sample contract form provided to Seller) regarding the Property that have been approved or are under consideration except as follows (Insert "none" or the identification of such assessments, if any): None
_____

If, during the term of this Agreement, Seller becomes aware that any of the representations set forth in this paragraph 9 are incorrect or no longer accurate, Seller shall promptly notify Firm and cooperate with Firm in taking appropriate corrective action.

10. **SELLER'S DUTIES**. Seller agrees to cooperate with Firm in the marketing and sale of the Property, including but not limited to:

  (a)  providing to Firm, in a timely manner, accurate information about the Property of which Seller may be aware, including but not limited to presence of or access to any water supply, sewer and/or septic system; problems with drainage, grading or soil stability; environmental hazards; commercial or industrial nuisances (noise, odor, smoke, etc.); utility or other easements, shared driveways, or encroachments from or on adjacent property; lawsuits, foreclosures, bankruptcy, tenancies, judgments, tax liens, proposed assessments, mechanics' liens, materialmens' liens, or notice from any governmental agency; flood hazard; cemetery/grave sites; or abandoned well;

  (b)  making the Property available for showing (including working, existing utilities) at reasonable times and upon reasonable notice;

  ((c) providing Firm as soon as reasonably possible after the execution of this Agreement copies of the following documents (where relevant) in the possession of Seller:

    (1)  restrictive covenants affecting the Property;
    (2)  bylaws, articles of incorporation, rules and regulations, and other governing documents of the owners' association and/or the subdivision;
    (3)  owners' association's statement of account, master insurance policy showing coverage provided and deductible amount, current financial statement and budget of the owners' association, parking restrictions and information, and architectural guidelines
    (4)  title insurance policies, attorney's opinions on title, surveys, covenants, deeds, notes and deeds of trust and easements relating to the Property.

Seller authorizes (1) any attorney presently or previously representing Seller to release and disclose any title insurance policy in such attorney's file to Firm, (2) the Property's title insurer or its agent to release and disclose all materials in the Property's title insurer's (or title insurer's agent's) file to Firm, and (3) the owners' association manager (or other authorized representative) to release and disclose copies of all documents referenced in subparagraphs (c)(1), (c)(2), and (c)(3) above. Seller acknowledges and understands that Firm is under no obligation to acquire any of the information referenced in this subparagraph (c) or to verify the accuracy of any such information that may be provided to Firm.

  (d)  immediately referring to Firm all inquiries or offers it may receive regarding the Property; showing the Property only by appointment made by or through Firm; and conducting all negotiations through Firm. Trustee's Deed
  (e)  executing and delivering at Settlement a ~~GENERAL WARRANTY DEED~~ conveying fee simple marketable title to the Property, including legal access to a public right of way, free of all encumbrances except ad valorem taxes for the current year, utility easements, rights-of-way, and unviolated restrictive covenants, if any, and those encumbrances that the buyer agrees to assume in the sales contract.

Seller represents that the Seller has the right to convey the Property, and that there are currently no circumstances that would prohibit the Seller from conveying fee simple marketable title as set forth in the preceding sentence, except as follows *(insert N/A if not applicable)*: Seller is bankruptcy trustee and must get approval of the Wester District of the US Bankruptcy Court for the sale of this property. Trustee will provide Trustee's Deed.

> **NOTE**: If any sale of the Property may be a "short sale," consideration should be given to attaching NCAR form 104 as an addendum to this Agreement

  (f)  providing Firm, in a timely manner, any information necessary (including any information omitted under Paragraph 9) to enable Firm to prepare an estimate of Seller's net proceeds at settlement.  Seller acknowledges and understands that any such estimate is an approximation only and that Seller should verify the accuracy of the calculations.

  (f)  if required by N.C.G.S. §44A-11.1, timely designating a Lien Agent, and providing Firm as soon as reasonably possible a copy of the appointment of Lien Agent.

11. **PHOTOGRAPHS AND OTHER MATERIALS: PHOTOGRAPHS AND OTHER MATERIALS:** Firm is specifically authorized to use, for any purposes whatsoever, any and all photographs, drawings, video, advertising copy or other information obtained by or provided to Firm pursuant to this Agreement (including but not limited to any information concerning the price and terms of the sale of the Property, the description of the Property and the length of time the Property is on the market) ("Materials"), both before and after the sale or, in the event there is not a sale, after this Agreement has expired. Seller shall not have or acquire any rights to use any of the Materials created by, on behalf of, or at the direction of Firm or an agent of Firm either during or after the Term of this Agreement without Firm's written consent. If Seller provides any Materials to Firm ("Seller Materials"), Seller represents that Seller owns the Seller Materials or otherwise has the legal right to provide the Seller Materials to Firm, and Seller grants to Firm and any listing service in which Firm or its agents participate a non-exclusive, perpetual license to use the Seller Materials, including the rights to display, reproduce, distribute or make derivative works from the Seller Materials.  Seller agrees to indemnify and hold Firm and its agents harmless for any and all claims resulting from use of the Seller Materials under the terms of this license.

12. **ADDITIONAL TERMS AND CONDITIONS.** The following additional terms and conditions shall also be a part of this Agreement: All offers must be approved by the US Bankruptcy Court.
_____
_____

13. **DUAL AGENCY.** Seller understands that the potential for dual agency will arise if a buyer who has an agency relationship with Firm becomes interested in viewing the Property. Firm may represent more than one party in the same transaction only with the knowledge and informed consent of all parties for whom Firm acts.

   (a) **Disclosure of Information**. In the event Firm serves as a dual agent, Seller agrees that without permission from the party about whom the information pertains, Firm shall not disclose to the other party the following information:
      (1) that a party may agree to a price, terms, or any conditions of sale other than those offered;
      (2) the motivation of a party for engaging in the transaction, unless disclosure is otherwise required by statute or rule; and
      (3) any information about a party which that party has identified as confidential unless disclosure is otherwise required by statute or rule

   (b) **Firm's Role as Dual Agent**. If Firm serves as agent for both Seller and a buyer in a transaction involving the Property, Firm shall make every reasonable effort to represent Seller and buyer in a balanced and fair manner. Firm shall also make every reasonable effort to encourage and effect communication and negotiation between Seller and buyer. Seller understands and acknowledges that:
      (1) Prior to the time dual agency occurs, Firm will act as Seller's exclusive agent;
      (2) In its separate representation of Seller and buyer, Firm may obtain information which, if disclosed, could harm the bargaining position of the party providing such information to Firm;
      (3) Firm is required by law to disclose to Seller and buyer any known or reasonably ascertainable material facts. Seller agrees Firm shall not be liable to Seller for (i) disclosing material facts required by law to be disclosed, and (ii) refusing or failing to disclose other information the law does not require to be disclosed which could harm or compromise one party's bargaining position but could benefit the other party.

   (c) **Seller's Role**. Should Firm become a dual agent, Seller understands and acknowledges that:
      (1) Seller has the responsibility of making Seller's own decisions as to what terms are to be included in any purchase and sale agreement with a buyer client of Firm;
      (2) Seller is fully aware of and understands the implications and consequences of Firm's dual agency role as expressed herein to provide balanced and fair representation of Seller and buyer and to encourage and effect communication between them rather than as an advocate or exclusive agent or representative;Seller has determined that the benefits of dual agency outweigh any disadvantages or adverse consequences;
      (3) Seller may seek independent legal counsel to assist Seller with the negotiation and preparation of a purchase and sale agreement or with any matter relating to the transaction which is the subject matter of a purchase and sale agreement.

Should Firm become a dual agent, Seller waives all claims, damages, losses, expenses or liabilities, other than for violations of the North Carolina Real Estate License Law and intentional wrongful acts, arising from Firm's role as a dual agent. Seller shall have a duty to protect Seller's own interests and should read any purchase and sale agreement carefully to ensure that it accurately sets forth the terms which Seller wants included in said agreement.

   (d) **Authorization** (*initial only ONE*).
   _____ _____ Seller authorizes the Firm to act as a dual agent, representing both the Seller and the buyer, subject to the terms and conditions set forth in Paragraph 13.
   _____ _____ Seller desires exclusive representation at all times during this agreement and does NOT authorize Firm to act in the capacity of dual agent. *If Seller does not authorize Firm to act as a dual agent, the remainder of this paragraph shall not apply.*
   (e) **Designated Agent Option** (*Initial only if applicable*).
   _____ _____ Seller hereby authorizes the Firm to designate an individual agent(s) to represent the Seller. The individual designated agent(s) shall represent only the interests of the Seller to the extent permitted by law.

> **NOTE:** When dual agency arises, an individual agent shall not practice designated agency and shall remain a dual agent if the individual agent has actually received confidential information concerning a buyer client of the Firm in connection with the transaction or if designated agency is otherwise prohibited by law.

14. **MEDIATION.** If a dispute arises out of or related to this Agreement or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation before resorting to arbitration, litigation, or some other dispute resolution procedure. If the need for mediation arises, the parties will choose a mutually acceptable mediator and will share the cost of mediation equally.

15. **WIRE FRAUD WARNING.**

**IF SELLER'S PROCEEDS WILL BE WIRED, IT IS RECOMMENDED THAT SELLER PROVIDE WIRING INSTRUCTIONS AT CLOSING IN WRITING IN THE PRESENCE OF THE ATTORNEY. IF SELLER IS UNABLE TO ATTEND CLOSING, SELLER MAY BE REQUIRED TO SEND AN ORIGINAL NOTARIZED DIRECTIVE TO THE CLOSING ATTORNEY'S OFFICE CONTAINING THE WIRING INSTRUCTIONS. THIS MAY BE SENT WITH THE DEED, LIEN WAIVER AND TAX FORMS IF THOSE DOCUMENTS ARE BEING PREPARED FOR SELLER BY THE CLOSING ATTORNEY. AT A MINIMUM, SELLER SHOULD CALL THE CLOSING ATTORNEY'S OFFICE TO PROVIDE THE WIRE INSTRUCTIONS. THE WIRE INSTRUCTIONS SHOULD BE VERIFIED OVER THE TELEPHONE VIA A CALL TO SELLER INITIATED BY THE CLOSING ATTORNEY'S OFFICE TO ENSURE THAT THEY ARE NOT FROM A FRAUDULENT SOURCE.**

**SELLER SHOULD CALL THE CLOSING ATTORNEY'S OFFICE AT A NUMBER THAT IS INDEPENDENTLY OBTAINED. TO ENSURE THAT SELLER'S CONTACT IS LEGITIMATE, SELLER SHOULD NOT RELY ON A PHONE NUMBER IN AN EMAIL FROM THE CLOSING ATTORNEY'S OFFICE, SELLER'S REAL ESTATE AGENT OR ANYONE ELSE.**

**Seller acknowledges and understands that there are risks associated with wire transfers that are not within the reasonable control of Firm, and Seller hereby agrees to release and discharge Firm and Firm's agents from any and all claims, demands, rights and causes of action of whatsoever kind and nature not caused by gross negligence of Firm or Firm's agents arising directly or indirectly out of any wire transfer Seller sends or receives/was to receive in connection with any real estate transaction in which Firm represents Seller.**

[THIS SPACE INTENTIONALLY LEFT BLANK]

16. **ENTIRE AGREEMENT/CHANGES/TERMINATION.** This Agreement constitutes the entire agreement between Seller and Firm and there are no representations, inducements, or other provisions other than those expressed herein. This Agreement may be signed in multiple originals or counterparts, all of which together constitute one and the same instrument. All changes, additions, or deletions to this Agreement must be in writing and signed by both Seller and Firm. Seller acknowledges and understands that this Agreement constitutes a binding contract between Seller and Firm. Although Seller may at any time withdraw from the fiduciary relationship existing between Seller and Firm, the contract created by this Agreement may only be terminated by Seller or Firm prior to its Expiration Date by (i) mutually-acceptable written agreement signed by both Seller and Firm, or (ii) for legally sufficient cause.

**Seller and Firm each acknowledge receipt of a signed copy of this Agreement.**

NORTH CAROLINA ASSOCIATION OF REALTORS®, INC. MAKES NO REPRESENTATION AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION.

Seller: A Burton Shuford, Trustee _____    _____    _____
                Print Name                               Signature                 Date

Contact Information: _____    _____    _980-321-7000_    _bshuford@absshuford.com_
                            Home              Work              Cell               Email

Mailing Address: _____

Seller: _____    _____    _____
                Print Name                               Signature                 Date

Contact Information: _____    _____    _____    _____
                            Home              Work              Cell               Email

Mailing Address: _____

---

Entity Seller: _____
                (Name of LLC/Corporation/Partnership/Trust/etc.)

By:_____    Date: _____

Name: _____Title: _____
                                  Print Name

Contact Information: _____    _____    _____    _____
                            Home              Work              Cell               Email

Mailing Address: _____

---

Firm: _Keller Williams Realty University_    _C13247_____    Firm Phone: _704-409-4700_
      Print Real Estate Firm Name              Firm License Number

Office Address: _8520 Cliff Cameron Drive, Suite 100_____    _Charlotte_____    _NC 28269_

By: _____    _278890_____    _____
        Individual Agent Signature           Individual License Number           Date

Agent Phone: _704-724-7890_____    Fax: _____    Email: _Brian@theramseygroup.net_____

## PROFESSIONAL SERVICES DISCLOSURE AND ELECTION
[See Guidelines (Form 760G) for instructions on completing this form]

Property Address: __As listed on Offer to Purchase_____ ("Property")
Buyer or Seller: _____
Real Estate Firm: __Keller Williams - The Ramsey Group_____ ("Firm")

1. There are professional services that typically are performed in connection with the purchase and sale of real estate. Buyer or Seller understands that Firm cannot give advice in certain matters that may relate to the purchase or sale of the Property, including but not limited to matters of law, taxation, financing, surveying, wood-destroying insect infestation, structural soundness of engineering.

REGARDING EACH PROFESSIONAL SERVICE LISTED BELOW, BUYER OR SELLER SHOULD EITHER SELECT THE SERVICE OR ELECT NOT TO HAVE THE SERVICE PERFORMED. WITH RESPECT TO EACH SERVICE SELECTED, INDICATE WHO WILL ORDER THE SERVICE AND THE NAME OF THE SERVICE PROVIDER SELECTED BY BUYER OR SELLER. THIS FORM SHOULD BE AMENDED TO ADDRESS ADDITIONAL PROFESSIONAL SERVICES THAT ARE CONSIDERED AFTER IT IS FIRST COMPLETED.

| Service | Waived (initial) | Selected (initial) | Ordered By | Name(s) of Service Provider(s) |
|---|---|---|---|---|
| Accountant/CPA/Tax Advisor | | | | All Providers can be found at: http://theramseygroupclients.com/preferredvendors/ |
| Appraisal | | | | |
| Attorney (e.g. Title Exam/Title Ins./ Seller Document-Deed Prep/Closing) | | | | |
| Home Warranty | | | | |
| Inspections: | | | | |
|   Home | | | | Buyers will choose vendors using form: http://theramseygroupclients.com/buyerclosingsheet/ |
|   HVAC | | | | |
|   Pool/Spa | | | | |
|   Radon*(see note below) | | | | |
|   Septic | | | | |
|   Well/Water Quality*(see note below) | | | | |
|   Wood/Pest Infestation | | | | |
| Re-Inspections of agreed-upon repairs (if applicable) | | | | |

Page 1 of 3

 North Carolina Association of REALTORS®, Inc.     STANDARD FORM 760
REALTOR®  Individual Agent initials __bb__ (DS)   Buyer or Seller initials _____    Revised 7/2021
© 7/2021

Keller Williams University Cit, 8520 Cliff Cameron Dr. Charlotte, NC 28269    Phone: (704)409-4700    Fax:
Mark Ramsey    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

| Service | Waived (initial) | Selected (initial) | Ordered By | Name(s) of Service Provider(s) |
|---|---|---|---|---|
| Insurance: | | | | |
|   Property | | | | |
|   Flood | | | | |
| National Flood Insurance Program, Elevation Certificate | | | | |
| Mortgage Loan | | | | |
| Survey* (see note below) | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2. Buyer or Seller acknowledges Firm has recommended that Buyer or Seller consult with a professional for an opinion regarding each service listed above to be performed pursuant to Buyer or Seller's purchase or sale of the property. Buyer or Seller hereby agrees to indemnify and hold Firm harmless from and against any and all liability, claim, loss, damage, suit, or expense that Firm may incur either as a result of Buyer or Seller's selection and use of any of the listed service providers or Buyer or Seller's election not to have one or more of the listed services performed.

* **NOTE REGARDING RADON AND OTHER ENVIRONMENTAL QUALITY ISSUES TESTING:** In addition to testing for the presence of radon, consideration should be given to testing the air and any private drinking well water for the presence of other contaminants, including but not limited to, biological, chemical, and radiological contaminants. Buyer or Seller should consult with an air and/or water quality specialist regarding the need for and scope of any such testing.

Page 2 of 3

Individual Agent initials _bb_   Buyer or Seller initials _____

STANDARD FORM 760
Revised 7/2021
© 7/2021

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

**\*NOTE REGARDING SURVEYS:** Situations arise all too often that could have been avoided if the buyer had obtained a new survey from a NC registered surveyor. A survey will normally reveal such things as encroachments on the Property from adjacent properties (fences, driveways, etc.); encroachments from the Property onto adjacent properties; road or utility easements crossing the Property; violations of set-back lines; lack of legal access to a public right-of-way; and indefinite or erroneous legal descriptions in previous deeds to the Property. Although title insurance companies may provide lender coverage without a new survey, the owner's policy contains an exception for easements, set-backs and other matters which would have been shown on a survey. Many such matters are not public record and would not be included in an attorney's title examination. In addition, if the buyer does not obtain their own survey, they would have no claim against a surveyor for inaccuracies in a prior survey.

**OTHER IMPORTANT NOTES:**
- ALTHOUGH FIRM MAY PROVIDE BUYER OR SELLER THE NAMES OF PROVIDERS WHO CLAIM TO PERFORM SERVICES IN ONE OR MORE OF THE LISTED AREAS, BUYER OR SELLER UNDERSTANDS THAT FIRM CANNOT GUARANTEE THE QUALITY OF SERVICE OR LEVEL OF EXPERTISE OF ANY SUCH PROVIDER.
- BUYER OR SELLER AGREES TO PAY THE FULL AMOUNT DUE FOR ALL SERVICES DIRECTLY TO THE SERVICE PROVIDER WHETHER OR NOT THE TRANSACTION CLOSES.

THE NORTH CAROLINA ASSOCIATION OF REALTORS®, INC. MAKES NO REPRESENTATION AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION.

_____
Buyer or Seller

Date: _____

_____
Buyer or Seller

Date: _____

Entity Buyer or Seller:

_____
(Name of LLC/Corporation/Partnership/Trust/etc.)

By: _____

Name: _____

Title: _____

Date: _____

*DocuSigned by:* **Brian Bain**
Signature of individual agent

__Keller Williams - The Ramsey Group__
Real Estate Firm (print name)

Date: 11/18/2021 | 10:09 AM CST

**SEPTIC/SEWER VERIFICATION WORKSHEET**

**Property Address:** 12021 Platon Ave, Huntersville, NC 28078

**I Seller/MLS Representations:**
- ☐ There is a connection to a city/county sewer system.
- ☐ There is a connection to a community sewer system.
- ☐ There is a private septic tank on the property.

*\*\*\*This is raw land. No connection to water/sewer is in place.*

**II Agent Verified By:**
- ☐ Highland Creek Home and The Ramsey Group has extensive knowledge of this community and septic/sewer.
- ☐ Agent Called _____, Spoke with _____ (name), on _____ (date/time) and confirmed it is on city/county system
- ☐ Agent viewed _____ City/County water bill showing connection to city/county sewer system.
- ☐ Copy of the septic permit attached.
- ☐ Verification of the septic permit was requested from _____ *(name)* at the Environmental/Health Department in _____ county on _____ *(date)*.
    - ☐ _____ bedrooms were permitted by the county.
    - ☐ _____ rooms are currently used as bedrooms.
    - ☐ _____ bedrooms and _____ bathrooms will be advertised in MLS.
    
    *(Note: Information needed to request a copy of a permit includes:*
    - *Name of subdivision _____*
    - *Lot number _____*
    - *Name of person (possibly builder) who ordered permit _____*
- ☐ Agent contacted _____ *(name)* at _____ County offices on _____ *(date).* Septic permit information could not be obtained. Tax records show _____ bedrooms.

**III Agent Representations:**
- ☐ I have explained to the seller that the number of bedrooms advertised in MLS and other marketing materials cannot exceed the number of bedrooms permitted by the county.
- ☐ I have explained to the seller that if the septic location is unknown and undetectable by a professional licensed inspector, other allowable methods may be used to determine the location at the seller's expense and that no work will be allowed without his/her written permission.
- ☐ I have explained to the seller and/or the buyer that inspections are a part of the buyer's Due Diligence process and that the seller is not required to pay for any preparation for an inspection.
- ☐ copy of the above information was provided to the buyer and/or buyers' agent on _____ *(date)*.

DocuSigned by: *Brian Bain*
F6DB7730C28A452...
**Agent Signature**    11/18/2021 | 10:09 AM CST

**ACKNOWLEDGEMENT OF RECEIPT OF SEPTIC/SEWER INFORMATION**

_____   _____
☐Buyer   Seller         Date          ☐Buyer   Seller         Date

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>GETCHELL DEVELOPMENT CO.<br><br>Debtor | Case No. 21-30526-JCW<br>Chapter 7 |

NOTICE OF TRUSTEE'S APPLICATION FOR AUTHORITY TO EXECUTE AND
ENTER INTO EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT
AND NOTICE OF OPPORTUNITY FOR HEARING

A. Burton Shuford, by and through counsel, has filed a Application as described above. A copy of said Application is attached hereto. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)** If you do not want the court to grant relief requested in the attached Application, or if you want the court to consider your views on the Application, then on or before **14 days from the date of this notice** you or your attorney must file with the Court a written response to the Application which response must comply with local Bankruptcy Rule 9013-1 at:

Clerk United States Bankruptcy Court
401 W. Trade Street
Charlotte, NC 28202

If you mail your response to the Court for filing, you must mail it early enough so that the court will receive it on or before the date stated above. You must also mail a copy to:

A. Burton Shuford
Attorney at Law
4700 Lebanon Road, Suite A-2
Mint Hill, NC 28227

No hearing will be held on this Application unless a response is timely filed and served, in which case, the Court will conduct a hearing on **January 10, 2022 at 9:30 AM**, at the United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina. No further notice of this hearing will be given. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an order granting the requested relief.

This 23rd day of November, 2021.

/s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
4700 Lebanon Road, Suite A-2
Mint Hill, NC 28227
Direct Dial: (980) 321-7000; bshuford@abshuford.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

GETCHELL DEVELOPMENT CO.

Debtor

Case No. 21-30526-JCW
Chapter 7

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of by depositing copies of *TRUSTEE'S APPLICATION FOR AUTHORITY TO EXECUTE AND ENTER INTO EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT* and *NOTICE OF OPPORTUNITY FOR HEARING* by either Electronic Case Filing as indicated below or in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed, addressed to the parties listed on the attached Exhibit "A".

Shelley K. Abel
U.S. Bankruptcy Administrator               Via Electronic Case Filing

Jeffrey G. Dalrymple, P.A.
Attorney for Debtor                          Via Electronic Case Filing

This 23rd day of November, 2021.

   /s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
4700 Lebanon Road, Suite A-2
Mint Hill, NC  28227
Direct Dial:  (980) 321-7000; bshuford@abshuford.com
Attorney for the Trustee

Erwin, Capitano & Moss, PA
4521 Sharon Road, Ste 350
Charlotte, NC 28211

HALL | AEC PA
1239 Belgrave Place
Charlotte, NC 28203

Hall AEC
1239 Belgrave Place
Charlotte, NC 28203

Herc Rentals, Inc.
27500 Riverview Center Blvd, St 100
Bonita Springs, FL 34134

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7346

North Carolina Dept of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

Kelli & William Southerland IV
c/o Derek P. Adler
DeVore, Acton & Stafford, PA
438 Queens Road
Charlotte, NC 28207-1422